UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRANCE STEVENS,** | ) | |
| | ) | |
| Petitioner, | ) | 1:13-cv-8047-SLB |
| | ) | |
| vs. | ) | 1:07-cr-0104-SLB |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This case is before the court on petitioner Terrance Stevens's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 1.)[1] Upon consideration of the Motion, his Brief in Support, the government's Response, and the relevant law, the court finds that the petition is due to be granted in part and denied in part, as set out below.

## PROCEDURAL HISTORY

Petitioner was indicted on March 28, 2007, on one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922. (Doc. 1

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record in the civil habeas proceeding. This Motion was initially filed in petitioner's underlying criminal case, (Doc. 37 in Case No. 1:07-cr-0104-SLB).

in Case No. 1:07-cr-0104-SLB.)  He pleaded guilty on both counts and on November 24, 2008, was sentenced to 60 months imprisonment, as to each count separately, to be served concurrently, to be followed by a supervised release term of 36 months.

Petitioner commenced his term of supervised release on March 1, 2011.  On July 17, 2012, a petition was filed to revoke that supervised release.  The petition was heard on August 13, 2012, wherein defendant stipulated that he had violated multiple terms and conditions of his supervised release.  The court indicated a need for more information to determine the appropriate sentence upon revocation, and the government presented two law enforcement officers to testify as to their knowledge of criminal activity of the petitioner after his release to supervision on March 1, 2011.  The court also heard testimony of defendant's supervising probation officer, and afforded defendant and his counsel the right of allocution.

At the conclusion of the August 13, 2012 supervised release revocation hearing, the court revoked petitioner's release and sentenced him to custody for a period of sixty (60) months as to count 1, and a separate period of twenty-four (24) months as to count 2, to be served consecutively.

Defendant filed a Notice of Appeal on August 27, 2012. On July 8, 2013, the United States Court of Appeals issued as mandate its order granting counsel's motion to withdraw and affirming defendant's conviction and sentence.

Petitioner filed the instant § 2255 Motion on October 25, 2013, alleging that his custodial sentence exceeded the maximum penalty authorized by law, and that he was denied the effective assistance of counsel during his supervised release revocation proceedings, and on appeal.

## DISCUSSION

**Illegal Sentence**

At the sentencing hearing on the underlying criminal case, as noted in the Judgment entered August 21, 2012, (doc. 22 at 3 in Case No. 1:07-cr-0104-SLB), the court ordered that "the defendant shall be on supervised release for a term of 36 months." The court imposed only one term of supervised release. Therefore, it was unable to revoke, and impose a custodial sentence in, two terms of supervised release. *U.S. v. Starnes,* 376 Fed. Appx. 942 (11th Cir. 2010). The government concedes this point in its Response to Stevens's 2255 Motion. (Doc. 17). After a lengthy hearing on the revocation petition, the court found that a total custodial sentence of 84 months, which it understood to be the maximum statutory sentence available on the revocation, was appropriate. Now, having reviewed *Starnes,* the court concludes that it was unable to impose two separate custodial sentences; therefore, the court finds that the appropriate, corrected sentence would be commitment of the defendant to the custody of the Bureau of Prisons for a term of sixty (60) months, the maximum sentence available under the statute on revocation of count 1.

### Ineffective Assistance

To succeed on a claim of ineffective assistance of counsel, a petitioner must establish: (1) deficient performance—that his "counsel's representation fell below an objective standard of reasonableness;" and (2) prejudice—but for the deficiency in representation, "a reasonable probability exists that the result of the proceeding would have been different." *See Strickland v. Washington,* 466 U.S. 668, 688-696 (1984); *see also Chandler v. United States,* 218 F.3d 1305, 1312-1313 (11th Cir. 2000). The burden of proving ineffective assistance remains with Mr. Stevens at all times. *See Chandler,* 218 F.3d at 1315, n. 15.

The performance prong of *Strickland* "requires a petitioner to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment." *Butcher v. United States,* 368 F.3d 1290, 1293 (11th Cir. 2004). The proper measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. Because a wide range of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant,* 13 F.3d 384, 386 (11th Cir. 1994). Courts "are not interested in grading lawyers' performances" but "are interested in whether the adversarial process at trial . . . worked adequately." *Id.* at 386. To be unreasonable, the performance must be such that "no

4

competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson,* 257 F.3d 1194, 1216 (11th Cir. 2001).  "[E]ven if many reasonable lawyers would not have done as defense counsel did," a court cannot grant relief on ineffectiveness grounds unless the petitioner shows "that no reasonable lawyer, in the circumstances, would have" taken similar action.  *Rogers,* 13 F.3d at 386.

The prejudice prong of *Strickland* "requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." *Butcher,* 368 F.3d at 1293.  In the guilty-plea context, a petitioner must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Mr. Stevens cannot succeed on either of the *Strickland* factors regarding the solicitation of evidence by the court, or his allocution at the revocation hearing. Petitioner asserts that cross-examination of factual witnesses by his counsel was hampered due to his admission of violations of the terms and conditions of his release. He further asserts that his counsel should have objected to the proceedings wherein the court solicited additional facts regarding the circumstances of defendant's violations.  He further complains that his attorney failed to "fully advise Stevens regarding statements that he was to make to the court in mitigation.  During the proceedings, the court made clear that the statements made by Stevens' caused him to be sentenced to an additional two years in prison." (Doc. 2 at 9-10.)

The court was not only entitled, but indeed had a duty, to develop the facts surrounding the serious violations which petitioner had admitted, and to allow the defendant to address the court in mitigation.  The defendant clearly lied, either in his prior statements to law enforcement, or to the court during allocution, or both.  Counsel can do only so much to prevent their client from making significantly conflicting statements to authorities, and the court is free to make reasoned determinations as to credibility when statements are made.  Defendant chose to state to the court he had lied to law enforcement when he earlier admitted his drug dealing, and to attempt to explain other highly suspicious conduct.  Counsel could not have prevented petitioner from exercising his right to address the court.   The court notes that his counsel argued extensively in mitigation on defendant's behalf.

Petitioner also asserts that his counsel should have known, and made both the district court and the appeals court aware of, the error in imposing two custodial sentences upon revocation when only one term of supervision had been imposed.   The court finds that any prejudice defendant suffered due to the court's imposition of an illegal sentence is remedied by the court's correction of that sentence.    Therefore, counsel did not render ineffective assistance, and petitioner's claim is due to be denied.

## **CONCLUSION**

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, (Doc. 1), will be denied as to all claims of ineffective assistance of

counsel. The Motion will be granted as to the correction of an illegal sentence.  A separate Order will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 16th day of April, 2015.

_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE